UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY COMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-CV-418-KAC-JEM |
| | ) |
| MICHAEL PARRIS, STACEY OAKS, | ) |
| JERRY SPANGLER, and DR. F/N/U | ) |
| CONNOR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Tennessee Department of Correction prisoner housed in the Morgan County Correctional Complex ("MCCX"), filed a pro se complaint under 42 U.S.C. § 1983 [Doc. 1] that the United States District Court for the Middle District of Tennessee transferred to this Court [Doc. 3]. On January 17, 2023, the Court entered an order that (1) notified Plaintiff that he must pay the required filing fee or submit the required documents to proceed *in forma pauperis*; (2) directed the Clerk to send Plaintiff the relevant *in forma pauperis* documents; (3) gave Plaintiff thirty (30) days to return the required *in forma pauperis* documents; and (4) warned Plaintiff that failure to timely comply with the Court's Order would result in the Court (a) presuming he is not a pauper, (b) assessing him the full amount of fees, and (c) ordering the case dismissed for want of prosecution without further notice [Doc. 7 at 1-2]. Plaintiff has not complied with the Order or otherwise communicated with the Court, and the deadline to comply has passed.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case if Plaintiff fails "to prosecute or to comply with these rules or a court order." *See* Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does

not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault.  It appears that Plaintiff received the Court's Order but chose not to comply.  Second, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants because they have not been served.  Third, the Court's Order expressly warned Plaintiff that failure to timely comply would result in this action being dismissed without further notice [Doc. 7 at 1-2].  Finally, alternative sanctions are not warranted because Plaintiff has failed to comply with the Court's clear instructions.  These factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).  Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order.  And Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff is **ASSESSED** the filing fee of $402 and the Court **DISMISSES** this action with prejudice.  The Court **DIRECTS** the custodian of Plaintiff's inmate trust account

to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $402 has been paid to the Clerk's Office. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee collection procedure, the Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at MCCX and the Court's financial deputy. This Memorandum Opinion and Order **SHALL** be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
